United States District Court
Middle District of Florida
Jacksonville Division

**CYNTHIA BENEFIELD,**

    Plaintiff,

v.                                                  No. 3:23-cv-1075-MMH-LLL

**CITY OF JACKSONVILLE, FL MAYOR,
CITY OF ORLANDO, FL MAYOR,
UNITED STATES OF AMERICA JUDICIAL/
POLICE DEPARTMENTS, WINNDIXIE/
SOUTHEASTERN GROCERS,**

    Defendants.

_____

## Report and Recommendation

Plaintiff Cynthia Benefield, proceeding pro se, filed a complaint against defendants City of Jacksonville, FL Mayor, City of Orlando, FL Mayor, United States of America Judicial/Police Departments, and WinnDixie/Southeastern Grocers, doc. 1; on the same date she applied to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, which I construe as a motion to proceed in forma pauperis. Plaintiff's motion to proceed in forma pauperis has been referred for a report and recommendation for an appropriate resolution. *Id.* For the reasons discussed below, I respectfully recommend plaintiff's motion be denied and the complaint dismissed.

## Authority

Under 28 U.S.C. § 1915(a)(1), the Court may authorize plaintiff to proceed without prepayment of fees if she has shown she is "unable to pay such fees or give security therefor." When reviewing a motion to move forward in forma pauperis, however, the Court must also determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

Additionally, "a district court may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (emphasis in original) (citations omitted). Federal courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish federal diversity jurisdiction, "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir.

1999). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

As for whether a complaint "fails to state a complaint on which relief may be granted" under section 1915(e)(2)(B)(ii), the Court applies the standard used in Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading which contains "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings—those filed without a lawyer—are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba*, 517 F.3d at 1252 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). That said, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for h[im]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Further, "a litigant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Thompson v. U.S.*

*Marine Corp.*, 398 F. App'x 532, 535 (11th Cir. 2010) (per curiam) (emphasis in original) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). But a pro se plaintiff must typically be given an opportunity to amend his complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations and citation omitted).

## Discussion

I find that plaintiff is a pauper. *See* doc. 2. But the amended complaint is deficient; thus, I recommend it be dismissed without prejudice and that plaintiff be given leave to amend.

In the section of plaintiff's form complaint asking for the statement of her claim, plaintiff lists several bullet points; in those, she indicates she was denied housing, food, "monies/income/jobs," transportation, and "sleep for years" by "federal workers allowing dictatorship government." Doc. 1 at 4. In the same section, plaintiff writes "[p]lanned destruction of my life, job, income." *Id*. However, plaintiff does not indicate which defendant is responsible for her grievances, nor does she provide any more specific facts to support her claim(s).[1] *See id*. Plaintiff states the amount in controversy is "900 trillion, billion" and seeks the return of her money, compensation

---

[1] Plaintiff attached four exhibits to her complaint, docs. 1-1 through 1-5; I have reviewed these documents and find they do not provide any more factual information relevant to plaintiff's claim(s).

4

for "jail time for military type sleep denial" and "immediate relief to send/remove celebrities from Duval County." *Id*. She also seeks the return of "oil certificate of issuance stock summaries, land/WinnDixie ownership, [and] important family documentation stolen from [her] home." *Id*. at 5.

In the section of plaintiff's complaint asking for the basis of this Court's jurisdiction, plaintiff checks the boxes for both federal question and diversity jurisdiction. *Id*. at 3. Regarding diversity, plaintiff indicates she and all defendants are residents of Florida, *id*. at 1-2; she provides no further information about the citizenship of the parties that would establish diversity jurisdiction, *see id*. at 3-4. Under the section asking plaintiff the basis for federal question jurisdiction, she states "[u]nconstitutional support of unlawful, uncivilized, harmful, hateful, vengeful, disturbing behaviors, attitudes, processes [and] transactions." *Id*. at 3. Because plaintiff fails to provide any federal statute, treaty, and/or provision of the U.S. Constitution that is at issue in this case, I find there is no basis to invoke this Court's federal question jurisdiction.

Construing plaintiff's complaint liberally, as the Court must, dismissal is warranted. First, as discussed above, plaintiff has not provided a valid basis for this Court's subject matter jurisdiction. Second, I find that plaintiff has not described any ascertainable factual basis for her claim(s). *See* doc. 1; *Iqbal*, 556 U.S. at 678 ("complaint must contain sufficient factual matter, accepted as true, to state a claim to

5

relief that is plausible on its face." (internal quotations and citation omitted)). A pro se plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva*, 351 F.3d at 1048-49 (internal quotations and citation omitted). Although it is not clear whether the plaintiff will be able to overcome the identified pleading deficiencies, I recommend she be given an opportunity to amend.

## Recommendation

I respectfully **recommend:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, construed as a motion to proceed in forma pauperis, be **denied without prejudice**.

2. Plaintiff's complaint, doc. 1, be **dismissed without prejudice** and plaintiff be given an opportunity to **amend**.

**Entered** in Jacksonville, Florida, on November 13, 2023.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

**Notice**

Plaintiff has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations changes the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
The Honorable Marcia Morales Howard, United States District Judge
Cynthia Benefield, pro se plaintiff
    2603 West 23rd Street
    Jacksonville, Florida 32209